IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRY LYNN DETHEROW                                            PETITIONER
ADC # 083711

V.                            CASE NO. 5:16-CV-00063-BSM-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                             RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief

Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Procedural History

Petitioner was charged on July 16, 2012, with first-degree murder and first-degree battery following a shooting at a crawfish party held in Scott, Arkansas.  (Record at 523, 545, 7)  The charges were subsequently amended to include possession of a firearm and an enhancement for committing murder in the first degree in the presence of a child.  (Record at 9-10)  At trial, it was the testimony of Petitioner that he pulled the gun from his pocket in self-defense, and in a struggle over the gun, it discharged twice, resulting in one fatality and one injury.  (Record at 1215-1216)  A Pulaski County Circuit Court jury found the Petitioner guilty of the lesser-included offense of manslaughter and third degree battery.  (Record at 1457-1458)  Petitioner received a sentence of

540 months in prison with an enhancement because he was a habitual offender and because the jury found he committed manslaughter with a firearm.  (Record at 1496-1497)

On June 24, 2013, Petitioner timely appealed his conviction to the Arkansas Court of Appeals. (Record at 87-88)  On appeal, he argued that the trial court erroneously (1) denied the motion in limine to exclude the testimony of Tammy Davis's busted lip and black eye as a violation of Ark. R. Evid. 404(b), and (2) denied the Petitioner's request to have the prosecuting attorney called as a witness.  (DE # 12-2 at 13)  On September 17, 2014, the Arkansas Court of Appeals affirmed Petitioner's conviction stating the trial court did not abuse its discretion, and that Petitioner had failed to demonstrate resulting prejudice even had such an abuse of discretion been shown. *See Detherow v. State*, 2014 Ark. App. 478, 1, 444 S.W.3d 867, 868.

Petitioner subsequently filed a timely Rule 37 petition, claiming he was denied effective assistance of counsel.  He alleged fourteen (14) separate points in his petition for his assertion of ineffective assistance of counsel.   The trial court denied the relief sought, and Petitioner appealed the decision.  On appeal to the Arkansas Supreme Court, the Petitioner did not reiterate all of the fourteen points he raised in circuit court.  In the opinion, the Arkansas Supreme Court stated in a footnote:

> "Detherow has restated some of the issues raised in the petition filed below and in some instances reworded his arguments.  On appeal, an appellant is limited to the scope and nature of the arguments he made below and that were considered by the circuit court in rendering its ruling.  For that reason, we will consider only those arguments in the brief that were raised below and the support for those claim that appeared in the petition.  *Feuget v. State,* 2015 Ark. 43, at 8, 454 S.W.3d 734, 740 (2015).  Any allegation raised below that is not argued in this appeal is considered abandoned.  *See Sims v. State*, 2015 Ark. 363.

*Detherow v.* State, 2015 Ark. 447, 1, n.1, 476 S.W.3d 155, 157.  Petitioner cited three points on appeal: (1) his counsel was ineffective for failing to object to the instruction for manslaughter committed in the presence of a child; (2) the trial court erred by issuing a "Ruling" on issues in his

petition that did not require a ruling; and (3) the trial court erred when it failed to appoint counsel to represent him in the Rule 37.1 proceeding in violation of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  On December 3, 2015, the court addressed each point and affirmed the denial of Rule 37 relief.  *Id.*

<u>Discussion</u>

On February 29, 2016, Petitioner timely filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that: (1) the trial court erred by admitting evidence of Tammy Davis's black eye and injury lip ("Claim One"); (2) the trial court erred by not allowing him to call the prosecuting attorney as a witness for impeachment purposes ("Claim Two"); (3) his Sixth Amendment right was violated because his attorney provided ineffective assistance of counsel ("Claim Three"); (4) the trial judge erred by issuing "rulings" on things such as "change of plea" and "request for mental evaluation," which did not require a ruling in his Rule 37 petition ("Claim Four"); and (5) the trial court judge did not allow Petitioner to be represented by an attorney during the Rule 37 proceeding ("Claim Five").  (DE # 2)  Petitioner divided Claim Three, for ineffective assistance of counsel, into fourteen (14) subparts.  The subparts are as follows:

a.) counsel failed to object to the jury instruction of manslaughter in the presence of a child;

b.) counsel did not make arrangements for a mental evaluation in preparation for trial and sentencings;

c.) counsel failed to object to the fact that the prosecuting attorney did not advise Petitioner, in writing, that he was subject to the child enhancement under Ark. Code Ann. § 5-4-702(c)(1);

d.) counsel failed to object to the prosecuting attorney's comments during the sentencing phase;

e.) counsel failed to move for a change of venue;

f.) counsel failed to raise on appeal whether the trial judge abused his discretion in not declaring a mistrial when the victim's mother spoke during Petitioner's testimony;

g.) counsel failed to move for a mistrial when the victim's father made comments as he left the witness stand;

h.) counsel was ineffective for abandoning his argument on appeal that the prosecuting attorney should have been ordered to agree to stipulations regarding witness credibility;

i.) counsel was ineffective for abandoning his argument on appeal for mistrial when the prosecuting attorney was not made a witness

j.) counsel failed to object to multiple enhancements;

k.) counsel participated with the prosecuting attorney to coerce Petitioner to accept a plea agreement;

l.) counsel provided inadequate effort in his appellate brief;

m.) counsel was ineffective in that he advised Petitioner that he had 78 days to file his Rule 37 petition; and

n.) counsel failed to preserve argument for mistrial on Petitioner's guilty plea.

*Id.*

A. <u>Non-Cognizable Claims</u>

*1. Claim One: Improper Admission of Evidence*

Petitioner's first claim alleges that the admission of evidence of Tammy Davis's injured lip and black eye was improper because it was overly prejudicial. It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam*). The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a constitutional violation cognizable in a federal habeas petition. *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993). Therefore, because Petitioner's argument concerns only a state law issue (i.e. admissibility of evidence), it does not present a cognizable issue for federal habeas review.

*2. Claim Two: Failure to Call Prosecuting Attorney as Witness*

Petitioner sought to call the prosecuting attorney as a witness to either stipulate to credibility or testify to impeach three prior witnesses at trial. Impeachment of a witness through

extrinsic evidence is a matter of state law. *See* Ark. R. Evid. 613 (2013). Therefore, Claim Two does not present a cognizable issue for federal habeas review.

### 3. Claim Four: Improper "Rulings" on Rule 37 Petition

In his fourth claim, Petitioner argues that the trial judge issued rulings on issues such as change of venue, his request for a mental evaluation, and "strategy of plea negotiations" which were not claims that warranted a ruling. (DE # 2) Under 28 U.S.C. section 2254(a), a federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." With regard to Claim Four, it does not appear that Petitioner is making a claim for relief, but is instead making a mere statement. It is well-established that "infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction....Errors or defects in the state post-conviction proceeding do not, ipso factor, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981); *see also Gee v. Groose*, 110 F.3d 1346, 1351-1352 (8th Cir. 1997). Accordingly, Claim Four does not present a cognizable issue for federal habeas review.

### B.   Deference to State Court Decisions

#### 1. Claim Three (a): Ineffective Assistance of Counsel - Failure to Object to Jury Instruction of Manslaughter in Presence of Children

Petitioner properly raised this issue on appeal and the Arkansas Supreme Court addressed it on the merits; therefore, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id*. (quoting *Williams*, 529 U.S. at 410-11).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner argues that his counsel was ineffective for not objecting when the trial court instructed the jury that the offenses were committed in the presence of children because the presence of children was not an element of manslaughter. (DE # 2 at 18) On appeal from the Rule 37 decision, the Arkansas Supreme Court addressed both the jury instruction itself and counsel's inaction. *Detherow v. State*, 2015 Ark. 447. The court concluded that the instruction was not proper but determined it to be harmless error stating:

> While the erroneous instruction regarding the offense being committed in the presence of a child was given in the guilt phase, in the penalty phase of the trial, there was no instruction on the offense being committed in the presence of a child, and the verdict form did not provide for enhancement on that basis. Accordingly, in the penalty phase, the jury did not consider the issue of whether children were present.

*Id.* at 3-4.  Determining that the jury ultimately affixed a sentence within the legal limits, the court next analyzed under *Strickland* whether or not the Petitioner was prejudiced by his counsel's failure to object in the guilt phase to the erroneous instruction.  The court concluded:

> As stated, when considering whether a petitioner was prejudiced by counsel's counsel under Rule 37.1, we consider the totality of the evidence before the judge or jury.  *Sims v. State,* 2015 Ark. 363.  The evidence adduced at trial established that Detherow was the initial aggressor who struck one man with his fist, shot his gun into the air, and then shot Wilmoth, who was attempting to wrest the gun away from him.  Detherow then shot Mosley, who was not touching either Detherow or the gun.  Also before the jury was evidence that Detherow had been found guilty of multiple prior felonies.  Considering the totality of the evidence and the fact that the jury found Detherow guilty of the lesser-included offense of manslaughter, we cannot say that there is a reasonable probability that the outcome of the trial would have been different had the jury had been correctly instructed in the guilt phase.

*Id.* at 4. The state court's determination was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. This Court, therefore, gives deference to the Arkansas Supreme Court's ruling on part (a) of Petitioner's ineffective assistance of counsel claim.

### *2. Claim Five: Right to Rule 37 Counsel*

Petitioner's fifth argument for relief is that the trial court erred by not appointing him counsel during the Rule 37 proceeding.  (DE # 2 at 10)  He argues that his claims of ineffective assistance of counsel claims in his Rule 37 proceedings would have been "more successful" if they would have been "properly litigated by a professional, well trained attorney" and his lack of counsel is the "cause" of his unsuccessful claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).

The Arkansas Supreme Court addressed this issue on appeal and denied relief, stating that under the Arkansas Rules of Criminal Procedure, the trial court has the discretion whether or not to appoint counsel and reiterated that Arkansas has rejected the argument that *Martinez* and *Trevino* require appointment of counsel.  *Detherow*, 2015 Ark. 447, at 5.  This Court finds that the

Arkansas Supreme Court's decision is entitled to deference; furthermore, the United States Supreme Court made it clear in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that there is no constitutional right to an attorney in state post-conviction proceedings. Therefore, Petitioner's argument also lacks merit.

      C.    <u>Procedural Default</u>

      Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

The Respondent argues that all of Petitioner's fourteen (14) ineffective of assistance claims, with the exception of Claim 3(a), were abandoned on appeal to the Arkansas Supreme Court. Therefore, because Petitioner deprived the Arkansas Supreme Court the opportunity to rule on his federal claims, those claims are procedurally defaulted. (DE # 12) Respondent further states in the alternative that deference should be given to the state court determination that Petitioner failed to meet the *Strickland* standard to prove ineffective assistance of counsel for Claim Three (b)-(n). *Id.*

It is undisputed that while Petitioner raised Claim Three (b)-(n) to the Pulaski County Circuit Court in his Rule 37 petition, he abandoned those claims on appeal to the Arkansas Supreme Court and therefore did not attain a ruling on appeal for such claims. *See Detherow*, 2015 Ark. 447, n. 1. Rather than disputing the default, Petitioner alleges that he has "cause" to excuse his default under *Martinez* and *Trevino* because he was without counsel in his Rule 37.1 proceedings. (DE # 2 at 42)

Petitioner represented himself pro se in his Rule 37 proceedings. Under *Martinez*, Petitioner may establish cause to excuse default of his ineffective-assistance-of-counsel claims because he lacked appointed counsel during the initial-review collateral process. To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective-assistance-of-counsel claims have "some merit." *Martinez*, 132 S.Ct. at 1318. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. Furthermore, the Eighth Circuit has held that *Martinez* offers no support "for the contention that the failure to preserve claims on

appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). The *Martinez* Court stated that when an "initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim . . . the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal. . ." *Martinez* 566 U.S. at 11. Unlike Martinez, Petitioner's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding. As previously stated, Petitioner failed to preserve all the claims on appeal and the Eighth Circuit has held that, if a prisoner has already had his or her day in court on his claims, "deprivation of a second day does not constitute cause." *Arnold,* 675 F.3d at 1087. This Court finds that Petitioner's Claim Three (b)-(n) are procedurally defaulted, and because he cannot rely on *Martinez* to excuse his default, the Court need not address each of the defaulted claims any further.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 6th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE